JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

In re

KAREN LOUISE VERNON and LONNIE GENE VERNON,

Debtor(s)

Case No. A12-00598-HAR
In Chapter 7

MEMORANDUM DENYING WAIVER OF CREDIT COUNSELING REQUIREMENT AND SETTING DATE FOR DISMISSAL IF NO OPPOSITION IS FILED

The debtors filed a chapter 7 without an attorney.  They indicate they are both in jail.  No certificate of credit counseling was filed with the bankruptcy petition; this is normally one of the requirements, unless excused.[1]  I will order that this case be dismissed unless debtors file an opposition to dismissal by **Wednesday, October 24, 2012**.

In their petition, they indicate that no certificate is required because they are incarcerated.[2]  The form indicates the request to be excused from the requirement requires a separate motion, but none was filed.  Nor have they supplied the information required to explain the right to a waiver either under 11 USC § 109(h)(3) or § 109(h)(4).  As part of the requirement to qualify for a waiver, a debtor must generally file a certificate with the court, but may be excused under § 109(h)(3).  One of the requirements of § 109(h)(3) is that the certificate:

---

[1] 11 USC § 109(h).

[2] Docket No. 1, page 6.

> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request;[3]

If the debtors did not seek to get credit counseling at all, this seems like an insurmountable burden to salvage the pending chapter 7 case. I can commiserate with debtors plight – being incarcerated and having to comply with this provision – but many courts have not allowed debtors to avail themselves of the fact of incarceration alone as waiving the credit counseling requirement.[4]

Also, if debtors' claim they are exempt from filing the credit counseling certificate because their incarceration is a "disability" under § 109(h)(4), bankruptcy courts have almost universally rejected this as a method of escaping the credit counseling requirement.[5]

Some other things caught my attention about this case, and I mention them now, without proposing to rule upon them:

- the mailing matrix only contains the names of 3-4 creditors, excluding, e.g., the IRS;
- if the IRS's lien on debtors' residence, is the result of "a tax lien, notice of which is properly filed"[6], that lien probably primes a debtor's exemption rights; in other words, bankruptcy may not protect the debtors' home from a properly filed IRS lien.

---

[3] 11 USC §109(h)(3)(A)(ii)

[4] *See*, footnote 5.

[5] 11 USC § 109(h)(4); In re Anderson, 397 B.R. 363, 366 (6th Cir. BAP 2008).

[6] 11 USC § 522(c)(2)(B); In re Walkup, 183 B.R. 884, 888 (Bankr. E.D. Cal. 1995).

MEMORANDUM DENYING WAIVER OF CREDIT
COUNSELING REQUIREMENT AND SETTING DATE
FOR DISMISSAL IF NO OPPOSITION IS FILED                                                  Page 2 of 3

DATED: October 10, 2012

       /s/ Herb Ross
       HERB ROSS
   U.S. Bankruptcy Judge

<u>Serve</u>:
Debtors [mail to each separately]
Richard Pomeroy, Asst. US Attorney
Larry Compton
US Trustee - Anchorage
Case Manager

MEMORANDUM DENYING WAIVER OF CREDIT
COUNSELING REQUIREMENT AND SETTING DATE
FOR DISMISSAL IF NO OPPOSITION IS FILED