JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| | |
|---|---|
| In re<br><br>KAREN LOUISE VERNON and LONNIE GENE VERNON,<br><br>Debtor(s) | Case No. F12-00598-HAR<br>In Chapter 7<br><br>MEMORANDUM DETERMINING THAT THE VERNONS HAVE NOT COMPLIED WITH 11 USC § 109(h)(1) AND ARE NOT ENTITLED TO A WAIVER UNDER § 109(h)(4), AND THAT THEIR CASE WILL BE DISMISSED |

    **1. INTRODUCTION**- Both debtors were incarcerated in Alaskan jails when they filed chapter 7.  They requested waivers of the requirement that they prove they received credit counseling before filing.[1]  The court treated this as a request that they be permitted to file the certificates post-petition due to exigent circumstances.[2]  They did not, however, meet the 45 day deadline to obtain the post-petition credit counseling.[3]  Also, their incarceration does not warrant a permanent waiver of the requirement.[4]  Therefore, this case must be dismissed.

    **2. BACKGROUND**-  The debtors were incarcerated before they filed this chapter 7 case on **October 5, 2012.**  They recently received lengthy prison sentences.  When they filed their

---

[1]  11 USC § 109(h)(1) and 11 USC § 111(a).

[2]  11 USC § 109(h)(3)(A).

[3]  11 USC § 109(h)(3)(B).

[4]  11 USC § 109(h)(4).

petition, the debtors did not file certificates that they had obtained pre-filing credit counseling. They did file a request that this requirement be waived due to their incarceration.[5]

Although the court was skeptical that they qualified for an extension of time to file the credit counseling certificate or a permanent waiver of the requirement altogether, it treated their incarceration as exigent circumstances for not having obtained counseling pre-petition and gave them until **November 19, 2012** to get their credit counseling, the maximum time allowed pursuant to 11 USC § 109(h)(3)(B).[6]

When the Vernons did not meet the November 19, 2012 deadline, the court entered an *Order to Show Cause Why Case Should Not Be Dismissed for Failure to Receive Credit Counseling.*[7] The purpose for this order was to allow the debtors until **December 31, 2012** to produce evidence why their incarceration prevented them from obtaining counseling, and if they did produce evidence, to finally determine if the bankruptcy law considered this a sufficient "disability" to qualify for a waiver of the requirement altogether under 11 USC § 109(h)(4).

A response was filed on January 4, 2013 by Karen Vernon outlining the difficulties she had experienced in getting counseling due to the restrictions imposed on her by being in jail.[8] One was also filed on January 6, 2013 by Lonnie Vernon which was a harangue against the credit counseling company he sought to deal with and against the government in general.[9]

---

[5] ECF No. 2.

[6] ECF No. 20.

[7] ECF No. 31.

[8] ECF No. 34.

[9] ECF No. 35.

MEMORANDUM DETERMINING THAT THE VERNONS
HAVE NOT COMPLIED WITH 11 USC § 109(h)(1) AND
ARE NOT ENTITLED TO A WAIVER UNDER § 109(h)(4),
AND THAT THEIR CASE WILL BE DISMISSED                                                    Page 2 of 7

And, lo and behold, Karen Vernon did obtain credit counseling on **January 9, 2013.** Unfortunately, this is beyond 45 days from the petition date, or November 19, 2012, the maximum time allowed for her to comply.

3. <u>ANALYSIS</u>-

3.1. <u>Extension of Time Due to Exigent Circumstances to Obtain Credit Counseling</u>- The *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (BAPCPA) added a requirement that individual debtors receive credit counseling within the 180 days before filing bankruptcy, from an approved credit counseling agency, as a condition to receiving the benefits of bankruptcy.[10]

Sometimes, a bankruptcy has to be filed precipitously, not leaving enough time to plan for or obtain pre-filing credit counseling. In that case, if a debtor can show "exigent circumstances," he or she can get additional time post-petition to get credit counseling. The statutory requirements to get the additional time are that the debtor submit a certificate that:

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.[11]

If the debtor is granted an extension of time to get credit counseling post-petition, that time is limited to a maximum of 45-days from the petition date.

> Section 109(h)(3)(B) provides that the exemption for such a debtor expires when the debtor obtains a postpetition briefing, but in no event later than 30 days after the petition, unless the court, for cause, allows the debtor an

---

[10] 11 USC § 109(h)(1) and 11 USC § 111(a); 2 *Collier on Bankruptcy*, ¶ 109.9[1].

[11] 11 USC § 109(h)(3)(A); 2 *Collier on Bankruptcy*, ¶ 109.9[3].

MEMORANDUM DETERMINING THAT THE VERNONS
HAVE NOT COMPLIED WITH 11 USC § 109(h)(1) AND
ARE NOT ENTITLED TO A WAIVER UNDER § 109(h)(4),
AND THAT THEIR CASE WILL BE DISMISSED     Page 3 of 7

additional 15 days. Such cause might include, for example, a temporary illness or disability.[12]

Unfortunately, the debtors have not met the time limits given to them to obtain credit counseling. These time limits are construed strictly:

> The vast majority of courts have construed the time requirements for credit counseling under § 109(h) strictly. These decisions, including, where helpful, their reasoning or comments included: Hedquist v. Fokkena (In re Hedquist), 342 B.R. 295, 301 (8th Cir. BAP 2006) ("the new requirements in section 109(h) can, in some circumstances, create harsh results. But because those requirements are mandatory, bankruptcy courts have no discretion but to dismiss the case when the debtor fails to file a certification in compliance with its provisions"); In re Carey, 341 B.R. 798, 803 (Bankr.M.D.Fla.2006) ("the requirements of § 109(h) are explicit and leave no room for a court to exercise discretion"); In re Davenport, 335 B.R. 218, 221 (Bankr.M.D.Fla.2005) Bankr. L. Rep. P 97,745.[13]

Alaska has adopted this reasoning. In an opinion, In re Phipps, In re Ace, and In re Ridder,[14] involving three cases (one of which involved an incarcerated debtor), shortly after the effective dated of BAPCPA, Judge MacDonald came to the same conclusion. Section 109(h)(1) required strict compliance. And, § 109(h)(3) offers only a window of opportunity to comply with § 109(h)(1) when a debtor has established exigent circumstances, and not an exemption from compliance.[15] While Karen Vernon was ultimately able to obtain credit counseling, the court has no authority to bend the time limits set by Congress.

Unless they were entitled to a permanent exemption from the counseling requirement pursuant to 11 USC § 109(h)(4), their case must be dismissed.

---

[12] 2 *Collier on Bankruptcy*, ¶ 109.9[3]; 11 USC § 109(h)(3)(B).

[13] In re Ruckdaschel, 364 B.R. 724, 729-32 (Bankr. Ct. Ida. 2007); In re Mitrano, 409 B.R. 812, 818-19 E.D. Va. 2009).

[14] In re Phipps, In re Ace, and In re Ridder, 8 Alaska Bankr. Rep. 173 (Bankr. D. AK. 2005).

[15] Id., at 179-180.

MEMORANDUM DETERMINING THAT THE VERNONS
HAVE NOT COMPLIED WITH 11 USC § 109(h)(1) AND
ARE NOT ENTITLED TO A WAIVER UNDER § 109(h)(4),
AND THAT THEIR CASE WILL BE DISMISSED                                     Page 4 of 7

**3.2. The Vernons Do Not Qualify for an Exemption from the Counseling Requirement Under 11 USC § 109(h)(4)**- In circumstances where a debtor cannot obtain counseling due to "incapacity, disability or active military duty in a combat zone," the requirement can be permanently waived. The statute defines the term "disability":

> For the purposes of this paragraph, ··· "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The question becomes, does incarceration qualify for the "disability" exception. Shortly after BAPCPA came into effect, Judge MacDonald held:

> Similarly, the Ridder case must be dismissed because the debtor has not established that he is disabled within the meaning of § 109(h)(4). The conditions of the debtor's incarceration may be physically confining, but do not make him "physically impaired," as that condition is defined within § 109(h)(4). Moreover, the debtor testified that he could get permission to use the telephone for special purposes, such as court hearings, and that he had not approached his probation officer about the possibility of getting phone privileges for credit counseling. Accordingly, even if this court were to equate the debtor's incarceration with a "disability," the debtor has failed to show that he is so impaired that he cannot participate in any form of credit counseling. The debtor's motion for relief from the requirements of § 109(h)(1) and 11 U.S.C. § 727(a)(11) will be denied and his case will be dismissed.[16]

Judge MacDonald made his ruling shortly after BAPCPA was implemented, when there was little or no case law on the issue. Most courts have since agreed with his decision (there are no circuit cases; the cases in agreement are at the district court, BAP and bankruptcy court levels;[17] however, a few bankruptcy court cases have allowed an exemption).[18] Simply put, the

---

[16] Id., at 180.

[17] Disallowing a permanent exemption under 11 USC § 109(h)(4) for incarceration: In re Hubel, 395 B.R. 823 (N.D.N.Y. 2008); In re Anderson, 397 B.R. 363 (6th Cir. BAP 2008); In re Bristol, 2009 WL 238002 (E.D.N.Y. 2009); In re Alexander, 432 B.R. 41 (Bankr. N.D.N.Y 2010); In re Larsen, 399 B.R. 634, 638 (Bankr. D. Wisc. 2009); In re Rendler, 368 B.R. 1 (Bankr. D. Minn. 2007); In re Denger, 417 B.R. 485 (Bankr. N.D. Ohio 2009); In re Gordon, 467 B.R. 639 (Bankr. W.D. Ky. 2009); In re Latovljecic, 342 B.R. 817, 820-22 (Bankr.

(continued...)

MEMORANDUM DETERMINING THAT THE VERNONS
HAVE NOT COMPLIED WITH 11 USC § 109(h)(1) AND
ARE NOT ENTITLED TO A WAIVER UNDER § 109(h)(4),
AND THAT THEIR CASE WILL BE DISMISSED                                                     Page 5 of 7

majority gives the term "disability" and the explanatory language in § 109(h)(4) restrictively defining "disability," its plain meaning, which cannot reasonably be expanded to include incarceration.

The few cases that go the other way, chafe against the harsh result that a strict interpretation sometimes engenders.

Judge MacDonald recognized that harsh and seemingly unjust results are troubling, but where Congress clearly sets a policy, it is not for the bankruptcy court to disregard it.[19]

**3.3. <u>Nothing Prevents the Debtors from Refiling</u>**- The court's ruling does not permanently debar the debtors from obtaining relief under chapter 7. They can refile, if they comply with 11 USC § 109(h)(1), which Karen Vernon already has.

Of course, if they do, their right to the automatic stay under 11 USC § 362(a) may be restricted, in that they may have to proactively apply to keep the stay in effect.[20]

**4. <u>CONCLUSION</u>**- A separate order dismissing this case because of debtors' ineligibility to be chapter 7 debtors, due to their failure to comply with 11 USC § 109(h)(1) and qualify for a permanent waiver under 11 USC § 109(h)(4).

---

[17] (...continued) N.D.W.Va. 2006); <u>In re McBride</u>, 354 B.R. 95 (Bankr. D. S.C. 2006); <u>In re Patasnik</u>, 425 B.R. 916 (Bankr. S.D. Fla. 2010); <u>In re Solomon</u>, 436 B.R. d451 (Bankr. W.D. Mich. 2010); plus, many unreported decisions found in West Law, and, of course, Judge MacDonald's ruling in <u>In re Phipps, In re Ace, and In re Ridder</u>, 8 Alaska Bankr. Rep. 173, 180 (Banrk. D. AK. 2005).

[18] Allowing a permanent exemption under 11 USC § 109(h)(4) for incarceration: <u>In re Vollmer</u>, 361 B.R. 811 (Bankr. E.D. Va. 2007) [incorrectly stating that <u>In re Star</u>, 341 B.R. 830 (Bankr. E.D. Va. 2006) supported a permanent waiver of credit counseling]; <u>In re Gates</u>, 2007 WL 4365474 (Bankr. E.D. Cal. 2007) [giving an expansive definition of "disability," saying incarceration sufficed]; <u>In re Lee</u>, 2008 WL 696591 (Bankr. W.D. Tex. 2008).

[19] <u>In re Phipps, In re Ace, and In re Ridder</u>, 8 Alaska Bankr. Rep., at 181.

[20] 11 USC § 362(c)(3) requires an individual debtor whose prior chapter 7 case was dismissed within the previous year to move to extend the automatic stay beyond the first 30 days from filing the second case. That is, the automatic stay expires after 30 days in the second case, unless the debtor timely moves to extend it.

MEMORANDUM DETERMINING THAT THE VERNONS
HAVE NOT COMPLIED WITH 11 USC § 109(h)(1) AND
ARE NOT ENTITLED TO A WAIVER UNDER § 109(h)(4),
AND THAT THEIR CASE WILL BE DISMISSED                                                   Page 6 of 7

DATED: January 30, 2013

                                /s/ Herb Ross
                                HERB ROSS
                              U.S. Bankruptcy Judge

<u>Serve</u> :
Karen Vernon, debtor
Lonnie Vernon, debtor
Larry Compton, trustee
U.S. Trustee
Case Manager                                                       D7594

MEMORANDUM DETERMINING THAT THE VERNONS
HAVE NOT COMPLIED WITH 11 USC § 109(h)(1) AND
ARE NOT ENTITLED TO A WAIVER UNDER § 109(h)(4),
AND THAT THEIR CASE WILL BE DISMISSED                              Page 7 of 7